UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNINE PAUL,

      Plaintiff,

      v.                  CASE NO.:

ORLANDO REHABILITATION
GROUP, INC., Foreign Limited
Liability Company,

      Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff JEANNINE PAUL (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against ORLANDO REHABILITATION GROUP, INC. (hereinafter referred as "Defendant"), and in support of states as follows:

**NATURE OF CASE**

This is an action to remedy violations of Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217 (*See* 29 C.F.R. § 826.150) and the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay,

compensatory damages, liquidated damages, attorneys' fees and costs, and any other relief to which the Plaintiff is entitled.

## JURISDICTION & VENUE

1. This is an action at law raising a federal question under federal law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was hired by Defendant on or about November 2006 as a Certified Nursing Assistant ("CNA").

6. Plaintiff was employed by the Defendant in Orlando, Florida.

7. Defendant is a Florida Not For-Profit Corporation which operates a business providing medical care and rehabilitation service in Orlando, Florida.

8. Defendant is subject to the FFCRA.

9. Among the FFCRA's protections is the EPSLA.

10. Plaintiff is entitled to the protections afforded by EPSLA.

11. Defendant employs more than fifty (50) employees.

12. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

13. Plaintiff was an "employee" as defined by the FMLA.

14. Defendant is an "employer" as defined by the FMLA.

15. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

16. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## FACTUAL ALLEGATIONS

17. Plaintiff was employment with Defendant from approximately November 2006 until July 20, 2020.

18. At the time of her termination, Plaintiff was employed as a CNA.

19. At all times material, Plaintiff was a long-term employee who performed well while working for the Defendant.

20. On or about July 5, 2020, Plaintiff began feeling sick and had a fever.

21. Plaintiff immediately advised her supervisor.

22. Plaintiff called in sick on July 6, 2020.

23. Plaintiff has been tested for COVID-19 at work on or around June 30, 2020.

24. On or around July 9, 2020, Plaintiff learned she had tested positive for COVID-19.

25. That same day, Plaintiff was advised by Defendant's Scheduling Coordinator, Sonia (LNU) to quarantine for 14 days.

26. Plaintiff was also advised by Sonia that Defendant required two negative COVID-19 tests prior to allowing Plaintiff to return to work.

27. Only five days later, on July 20, 2021 Defendant asked Plaintiff to return to work.

28. Plaintiff had not yet received two negative COVID-19 test result pursuant to Defendant's requirements.

29. As such, Plaintiff advised Defendant she was still sick and had not yet received two negative test result per Defendant's requirements.

30. Defendant told Plaintiff she had been out sick for (10) days and therefore she was terminated effective immediately.

31. At all times material to the allegations herein, Plaintiff was qualified for her position.

32. At all times material, Defendant was aware that Plaintiff tested positive for COVID-19 and needed to quarantine for 14 days.

33. Prior to needing medical leave, Plaintiff had no substantial performance related issues while working for the Defendant.

34. At all times material to the allegations herein, Plaintiff worked for a covered employer as defined by the FFCRA.

35. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19").

36. Defendant is an employer subject to the FFCRA.

37. Plaintiff is an employee entitled to the protections under the FFCRA.

38. Plaintiff is an employee entitled to the protections under the EPSLA.

39. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

40. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

41. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has

testified or is about to testify in any such proceeding.

42. Defendant terminated Plaintiff in violation of the FFCRA.

43. Additionally, Defendant refused to pay Plaintiff wages for the time frame in which she was under instructions to self-isolate.

44. Defendant violated Plaintiff's rights under FFCRA and EPSLA.

45. Defendant retaliated against Plaintiff in violation of her rights under FFCRA and EPSLA.

46. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

47. At the time of her termination, Plaintiff was eligible for FMLA leave.

48. Plaintiff's notice for her need for FMLA leave was timely.

49. Defendant was aware that Plaintiff had a serious health condition that qualified her for FMLA leave and yet, failed to properly advise Plaintiff of her rights under the FMLA.

50. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

51. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

52. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

# COUNT I
# VIOLATION OF THE FFCRA/EPSLA

53. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10 and 17-45 above as if fully set forth herein.

54. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

55. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

56. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

57. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

58. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to her COVID-19 diagnosis.

59. Yet, Defendant blatantly disregarded its obligations under the EPSLA and refused to pay the Plaintiff for the dates in which Plaintiff was under instructions to self-isolate.

60. This is a direct violation of EPSLA's requirements.

61. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

62. Defendant's violation of the EPSLA's requirements was willful.

63. As a direct and proximate result of Defendant's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

    b. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

c.  Award punitive damages; and

d.  Award any other relief this Honorable Court deems just and proper.

## COUNT II
## RETALIATION UNDER THE FFCRA

64. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10 and 17-45 above as if fully set forth herein.

65. The FFCRA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

66. Plaintiff was qualified to take sick leave due to COVID-19.

67. Plaintiff's sick leave due to COVID-19 was protected activity.

68. Despite the FFCRA's requirements, Defendant unlawfully terminated Plaintiff after she took protected leave as a result of her COVID-19 diagnosis.

69. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

70. Defendant violated Plaintiff's right under the FFCRA and FLSA.

71. Plaintiff's termination was an adverse employment action.

72. A causal connection exists between Plaintiff's protected activity and adverse employment action.

73. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

    b. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

    c. Award punitive damages; and

    d. Award any other relief this Honorable Court deems just and proper.

## COUNT III
## INTERFERENCE UNDER THE FMLA

74. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 11-16; 17-33; and 46-52 above as if fully set forth herein.

75. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

76. Defendant was Plaintiff's employer as defined by the FMLA.

77. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

78. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

80. Defendant's violations of the FMLA were willful.

81. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE FMLA

82. Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 11-16; 17-33; and 46-52 above as if fully set forth herein.

83. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

84. Defendant was Plaintiff's employer as defined by the FMLA.

85. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

86. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

87. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

88. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

89. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

90. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

91. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

92. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

93. Defendant's violations of the FMLA were willful.

94. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Date: December 28, 2021          Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*